| Robertson County Circuit Court | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 2 | Case Number 74-CCI-2019-CV-74 |
|---|---|---|

| Julion Neal McGrew | Vs. Four Tower Transportation & Bundi B. Bronson |
|---|---|

Served On:

**Bundi B. Bronson**      2307 Pershing St., Bldg 1 Apt 4, Hollywood, FL 33020



You are hereby summoned to defend a civil action filed against you in Robertson County Circuit Court, Robertson County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 3-4-19

_Sonya Henry, D.C._
Clerk / Deputy Clerk

Attorney for Plaintiff: Flora Templeton Stuart
607 East 10th Ave, Bowling Green, KY 42101

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____                Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____     By: _____
                         Please Print: Officer, Title

_____                   _____
Agency Address                   Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____                Notary Public / Deputy Clerk (Comm. Expires _____)

_____                                  _____
Signature of Plaintiff                          Plaintiff's Attorney (or Person Authorized to Serve Process)

ADA: If you need assistance or accommodations because of a disability, please call Lisa Cavender, ADA Coordinator, at (615) 384-7864.

Rev. 03/11

EXHIBIT A

| Robertson County Circuit Court | STATE OF TENNESSEE CIVIL SUMMONS page 2 of 2 | Case Number 74-CC1-2019-CV-94 |
|---|---|---|
| Julion Neal McGrew | Vs. Four Tower Transportation & Bundi B. Bronson | |

(Attach return receipt on back)

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____

*Rev. 03/11*

STATE OF TENNESSEE
ROBERTSON COUNTY CIRCUIT COURT
CASE NUMBER: 74CC1-2019CV-74
DIVISION I

JULION NEAL MCGREW,

       Plaintiff,

vs.

FOUR TOWER TRANSPORTATION, INC.
6335 NW 74 AVE
Miami, Florida 33166
    Serve: Ruben R Torres
          6335 NW 74 AVE
          Miami, FL 33166

And

BUNDI B. BRONSON
2307 PERSHING ST BLDG 1 APT 4
Hollywood, Florida 33020.
    Serve: Bundi Bronson
          2307 Pershing St Bldg 1 Apt. 4
          Hollywood, Florida 33020

       Defendants.

FILED
LISA M. CAVENDER, CLERK
MAR 0 4 2019
AT 3:39 O'CLOCK P. M
BY S. Henry, DC

## COMPLAINT

AND NOW COME the Plaintiff Julion Neal McGrew and through their undersigned counsel, and bring this action to recover damages for their personal injuries arising out of a semi tractor-trailer collision that occurred on or about March 4, 2018, in Robertson County, Tennessee; and in support thereof state as follows:

## PARTIES AND JURISDICTION

1. At all times mentioned herein, Plaintiff Julion Neal McGrew was a resident of Butler County, Kentucky, residing at 655 Veterans Way, Morgantown, Kentucky 42261. Plaintiff Julion McGrew now resides at 1621 Fowler Avenue, Ogden, Utah 84404.

2. By information and belief, the Defendant, Four Tower Transportation, Inc,

1

was at the time of this collision, a Florida Profit Corporation doing business in Tennessee, with a principal office located at 6335 NW 74th Ave Miami, FL 33166, and can be served by and through their registered agent RUBEN R TORRES located at 6335 NW 74 AVE, Miami, Florida 33166.

3. By information and belief Defendant Bundi Bronson resides at 2307 Pershing Street, BLDG 1, Apartment 4, Hollywood, Florida 33020.
This Court has Jurisdiction of this action pursuant to T.C.A. §20-4-101, *et seq.* as the incident occurred in Robertson County, Tennessee.

4. Plaintiffs damages exceed the minimum amount necessary to establish the jurisdiction of this Court, and venue is appropriate in this Court.

5. On or about March 4, 2018, Plaintiff Julion Neal McGrew was traveling North on Interstate 65, in Robertson County, operating a 2011 Mitsubishi Galant.

6. On or about March 4, 2018, Defendant Bundi Bronson was operating with permission a 2012 Freightliner Cascadia semi truck, VIN #1FUJGLBG7CSBL2706, license plate number 7768LK, owned by Four Tower Transportation, Inc., when he struck Plaintiff Julion McGrew from behind.

7. The semi-truck which struck the Plaintiff was owned by Defendant Four Tower Transportation, Inc, registered with the State of Florida, with an attached Dorsey semi-trailer, license plate number OK 7768LK NONEXP.

9. Defendant Four Tower Transportation, Inc was driving in a negligent manner colliding with the 2011 Mitsubishi Gallant, operated by Plaintiff Julion Neal McGrew.

10. At the time of the collision Defendant Bundi Bronson was a duly constituted and authorized agent and/or employee of Defendant Four Tower Transportation, Inc.

2

## COUNT I – NEGLIGENCE CLAIMS AGAINST BUNDI BRONSON AND FOUR TOWER TRANSPORATION, INC.

11. Plaintiffs incorporate herein and make a part hereof paragraphs 1 through 10 as though fully set forth herein.

12. At all times mentioned herein Defendant Bundi Bronson was operating the semi tractor-trailer as an authorized agent and/or employee of Defendant Four Tower Transportation, Inc and by registration with the state of Florida owned by Defendant Four Tower Transportation, Inc in the furtherance of the scope of his agency and or employment for Defendant Four Tower Transportation, Inc.

13. Defendant Bundi Bronson, acted in a negligent and/or reckless manner on or about March 4, 2018 in Robertson County, Tennessee when he operated the 2012 Freightliner semi tractor-trailer with disregard to the lives and safety of other persons as follows:

   a. The failure to keep a proper outlook for other vehicles in the road;

   b. The operation of his semi tractor-trailer with a lack of regard for the safety and rights of others;

   c. The operation of his semi tractor-trailor recklessly, and in disregard for the safety of other persons or property and at an unsafe speed pursuant to the road conditions;

   d. Following too closely;

   e. Moving the tractor-trailer from one lane to another when such movement could not be made with safety;

   f. Being aware of, but consciously disregarding, a substantial and unjustifiable risk of such a nature that its disregard constituted a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances;

   g. The failure to operate his semi tractor-trailer with reasonable care and due regard for the actual and potential dangers existing from the road, traffic and other conditions;

   h. The failure to use reasonable care to avoid a collision;

3

i. The failure to maintain control of his semi tractor-trailer;

j. The operation of the semi tractor-trailer in an unsafe speed for the road conditions in violations of federal and state law;

k. By operating the semi tractor-trailer in a poorly maintained condition, which condition was known, or through the exercise of due care, should have been known to the defendant Four Tower Transportation, Inc; and

l. The violation of the Federal Motor Carrier Safety Regulations in the maintenance of the semi tractor-trailer involved in this collision;

m. Driving with little or no regard for the safety and rights of others lawfully using the highway;

n. Failure to drive with the right amount of caution considering the size and weight of his commercial vehicle;

o. Failing to use reasonable care to avoid a wreck;

p. Being negligent under the circumstances then existing.

q. Failing to maintain his lane of travel;

r. Failing to make a proper lane change;

s. Failing to reasonably judge the closeness of the vehicles around him;

t. Failing to remain reasonably alert;

u. Failing to avoid becoming a hazard to the motoring public

v. Failing to exercise due care;

w. Failing to drive defensively;

x. Failing to safely maneuver his commercial vehicle;

y. Failure to maintain a safe route of travel;

z. Failure to comply with the minimum safety standards required by the Federal Motor Carrier safety Regulations.

14. At all times relevant hereto, Bundi Bronson was an employee, agent, leased driver and/or servant of Four Tower Transportation, Inc. and was acting in the course and scope of his agency and/or employment with Four Tower Transportation, Inc., under

4

principles of respondeat superior.

15. Bundi Bronson's wrongful conduct constitutes prima facie evidence of negligence and/or negligence per se and was the proximate cause of the collision with Plaintiffs' vehicle and the resulting harm and damage to Plaintiffs for which Plaintiff is entitled to a recovery for damages.

16. At all times relevant hereto, the commercial motor vehicle described herein was operating under U.S. DOT# 1532233 registered to Four Tower Transportation, which is therefore responsible for the conduct of Bundi Bronson.

17. Irrespective of the employment/contractional relationship, Four Tower Transportation is a motor carrier subject to Federal Motor Carrier Safety Administration (FMCSA) Regulations and State Regulations and is therefore responsible for the acts of Bundi Bronson, as a matter of law.

18. Plaintiff further states that defendant, Four Tower Transportation, Inc, was negligent in the entrustment of their truck with defendant, Bunson B. Bundi, by both the negligent hiring of defendant, Bunson B. Bundi, and negligent retention of defendant, Bunson B. Bundi. Four Tower Transportation, Inc failed to exercise reasonable care in hiring and retaining defendant, Bunson B. Bundi.

19. At the time of the aforesaid described collision Bundi Bronson was acting within the course and scope of his employment and or agency, and in the furtherance of the business of Defendant Four Tower Transportation, Inc.

20. Defendant Bundi Bronson acted under the direction and control and/or as an agency of Defendant Four Tower Transportation, Inc and as such, the negligence *per se* and the negligence of Bundi Bronson is imputed to Defendant Four Tower Transportation, Inc.

5

21. Defendant Four Tower Transportation, Inc was negligent in the entrustment with Bundi Bronson and/or maintenance of their semi tractor-trailer which may include the violation of Federal Regulations governing common carriers pursuant to Federal Motorist Carrier Safety Regulations at 49 CSC and any other regulations governing trucks and common carriers both in the slate of Pennsylvania and Federal Law.

22. Plaintiffs further state that Defendant Four Tower Transportation, Inc was reckless in permitting Defendant Bundi Bronson to operate the semi tractor-trailer in a defective condition with the conscious indifference to the rights, welfare and safety of others.

23. Plaintiff, Julion Neal McGrew, was injured as a direct result of the following acts, omissions and conduct on the part of the Defendant, Four Tower Transportation, Inc and Defendant Bundi Bronson. As a direct and proximate result of the gross negligence, recklessness and carelessness of the Defendants, Bunson B. Bundi and Four Tower Transportation, Inc, Plaintiff, Julion Neal McGrew, has sustained critical, life threatening and catastrophic injuries, to include a head injury, cervical disc herniation, multiple annular bulges to his back, as well as a traumatic brain injury and cerebral concussion, as well as injuries throughout his body. His injuries are severe, permanent and totally disabling. He has suffered greatly and will continue to suffer for the remainder of his life, both physically and mentally. He is entitled to recover for severe bodily injury, permanent disability, loss of enjoyment of life, loss of opportunity, and immense pain and suffering both past, present, and future. As a direct and proximate result of the gross negligence and carelessness and recklessness described herein of defendants, Bunson B. Bundi and Four Tower Transportation, Inc, Plaintiff, Julion Neal McGrew, has incurred medical, hospital, nursing and rehabilitation expenses in excess of $41,057.76 to date and these expenses will continue to be incurred in the future for the

remainder of his life. As a direct and proximate result of the gross negligence and carelessness and recklessness described herein, Julion McGrew has suffered lost income and wages both past and future.

**WHEREFORE**, Plaintiff, Julion Neal McGrew, demands judgment against the Defendants as follows:

a. For medical bills inclined by Plaintiff, Julion Neal McGrew, to date, in excess of the amount of $41,057.76;

b. Punitive damages in a reasonable sum to be determined by a jury;

c. For pain and suffering, both past and future, for Plaintiff Julion Neal McGrew in a reasonable sum to be determined by a jury;

d. For future medical bills for Plaintiff Julion Neal McGrew in a reasonable sum to be determined by a jury;

e. For future psychological damages and past psychological damages for Plaintiff Julion Neal McGrew, in a reasonable sum to be determined by a jury;

f. For loss of income and permanent impairment to earning capacity, past, present and future for Plaintiff Julion Neal McGrew in a reasonable sum to be determined by a jury;

g. For prejudgment and post-judgment interest pursuant to law; and,

h. For a trial by jury, for all costs incurred including reasonable attorney's fees, and for any and all other relief to which the Plaintiff may appear entitled.

PLAINTIFFS DEMAND A JURY TRIAL.

This the 3rd day of March 2019

Respectfully submitted,

7

By: /s/
FLORA TEMPLETON STUART (Bar# 68630)
The Law Firm of Flora Templeton Stuart
607 Last Tenth Street
Bowling Green, KY 42101-6916
(270) 782-9090 - Office
(270) 782-1451 - Fax

8

## NOTIFICATION:

The Plaintiff, Julion McGrew, by and through counsel, hereby provides notice, to the below stated insurance carriers with a subrogated interest, that suit has been filed, wherein the Plaintiff is seeking recovery for damages. Said insurance carriers with subrogation interests are being notified, through counsel or directly, by certified mail, of their right to intervene and assert subrogation rights. The failure to assert those rights could result in the loss of subrogation rights with respect to any final award received by the Plaintiff, Julion McGrew, resulting from this action.

Plaintiff certifies that on this date the Law Firm of Flora Templeton Stuart has notified the following parties by certified mail:

Anthem BCBS
PO Box 8504
Mason, OH 45040

This the 4th day of March, 2019.

Respectfully submitted,

Flora Templeton Stuart
The Law Firm of Flora Templeton Stuart
607 East Tenth Avenue
Bowling Green, Kentucky 42101
Office – 270) 782-9090
Fax – 270) 782-1451
*Counsel for Plaintiff*

9